IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBORAH L. DOBRUSIN,<br><br>    Plaintiff,<br><br>v.<br><br>COMPASS LEXECON, LLC,<br><br>    Defendant. | Case No. 11-cv-07370<br><br>Judge George W. Lindberg |

**PLAINTIFF'S ANSWER TO**
**DEFENDANT'S COUNTERCLAIM**

NOW COMES the Plaintiff and Counter-defendant DEBORAH DOBRUSIN ("Dobrusin"), by and through her attorneys, The Case Law Firm, LLC, and for her answer to Defendant and Counter-plaintiff COMPASS LEXECON, LLC ("Compass Lexecon")'s Counterclaim states as follows:

**Introduction**

1. After being informed of her termination, and while still employed by Compass Lexecon, Plaintiff/Counterclaim Defendant Dobrusin, acting willfully and in bad faith, secretly printed and took highly confidential and sensitive information, contained in emails, that was the property of Compass Lexecon and its clients. These actions breached express terms of Dobrusin's employment contract with Compass Lexecon and its clients. These actions breached express terms of Dobrusin's employment contract with Compass Lexecon and Dobrusin's fiduciary obligations to her employer Compass Lexecon. Compass Lexecon learned of Dobrusin's actions during discovery in this litigation. Accordingly, in its Counterclaim, Compass Lexecon seeks: (1) immediate return or destruction of all copies of such information in

1

the possession of Dobrusin, her counsel, and any other party to whom she may have disseminated such information; (2) damages, including punitive damages, for Dobrusin's breaches; (3) its costs and attorney fees; and (4) such other equitable relief as the Court may deem appropriate.

**ANSWER:** Dobrusin denies the allegations of ¶ 1.

### Jurisdiction & Venue

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

**ANSWER:** Dobrusin admits the allegations of ¶ 2.

### Factual Allegations

#### The Parties

3. Compass Lexecon is one of the world's leading economic consulting firms. Compass Lexecon is hired by law firms, corporations and government entities to serve as testifying experts in litigation, to serve as non-testifying experts in anticipation of litigation, and to provide other economic analyses.

**ANSWER:** Dobrusin admits the allegations of ¶ 3.

4. Dobrusin was hired by Compass Lexecon's predecessor Lexecon on October 23, 1995. Dobrusin was employed by Compass Lexecon until April 1, 2011. In March 2011, Dobrusin was a Vice President in Compass Lexecon's Chicago office.

**ANSWER:** Dobrusin admits the allegations of ¶ 4.

#### Compass Lexecon's Access to and Protection of Confidential Information

5. Compass Lexecon's work for its clients and their clients is necessarily highly confidential, and in many instances, constitutes work product. Where a retention is not public,

even the fact that Compass Lexecon has been retained by a client may be confidential. In many litigation matters, Compass Lexecon receives confidential information which is subject to a protective order in the underlying litigation.

**ANSWER:** To the extent that ¶ 5 contains legal conclusions, Dobrusin offers no response. To the extent that such legal conclusions can be construed as allegations of fact, Dobrusin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 5, and therefore, denies the same.

6. Compass Lexecon has adopted policies and practices to ensure that its work for clients and information related thereto remains confidential. Compass Lexecon has implemented strict confidentiality policies, required employees to sign confidentiality agreements, required terminated employees to sign forms acknowledging their confidentiality obligations and representing that they have returned all such confidential and proprietary information unless otherwise approved, and required employees with access to information covered by a protective order to acknowledge and agree in writing to comply with the protective order.

**ANSWER**: To the extent that ¶ 6 contains legal conclusions, Dobrusin offers no response. To the extent that such legal conclusions can be construed as allegations of fact, Dobrusin admits that Compass Lexecon has adopted certain policies and practices to govern the exchange of information between Compass Lexecon and its clients, but Dobrusin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 6, and therefore, denies the same.

<u>Dobrusin's Contractual Obligations to Protect Confidential Information</u>

7. On October 24, 1995, Dobrusin signed a "Confidentiality Agreement" (attached as Ex. 1), which provides in pertinent part as follows:

3

    a. Dobrusin acknowledged that during her employment she would "receive, develop, or otherwise obtain access to various documents, materials and information that are not generally known to the public ('Lexecon Information')" (id. at p. 1);

    b. Dobrusin acknowledged that "this information is the property of Lexecon and/or its clients and is highly confidential." (id. at p. 1);

    c. Dobrusin agreed that, at any time either during or after her employment with Lexecon, she would not: "(a) sell, use, publish or disclose Lexecon Information to any person, including a family member or other person not employed by Lexecon or not employed by a client of Lexecon to whom the Lexecon Information pertains, except to the extent required in the performance of [her] assigned duties on behalf of Lexecon; or (b) remove any documents or information from the premises of Lexecon, except as required in the performance of [her] assigned duties on behalf of Lexecon." (id. at pp. 1-2).

    d. Dobrusin was required to "deliver to Lexecon promptly upon request or on the date of cessation of [her] employment with Lexecon all documents, copies thereof, and other materials in [her] possession relating to any Lexecon Information." (id. at p. 2);

    e. Dobrusin acknowledged that the agreement would survive her employment with Lexecon and remain in full force and effect after the cessation of her employment." (id. at p. 2); and

    f. Dobrusin agreed that any breach of the restrictions in the Confidentiality Agreement would be likely to result in irreparable harm to Lexecon and/or its clients. (id. at p. 2).

**ANSWER**: Dobrusin admits that she signed the Confidentiality Agreement attached as Exhibit 1.

8. On December 16, 2003, shortly after Lexecon became a wholly owned subsidiary of FTI, Dobrusin signed a letter Confirmation of Employment with FTI in the Lexecon Chicago office, effective December 1, 2003 (attached as Ex. 2), and "Terms of Employment" (attached as Ex. 3). The terms and conditions of her continued employment, included in pertinent part as follows:

4

   a. "Confidential Information" was "[i]nformation and materials relating to FTI, its clients, licensors and suppliers that are not generally available to the public" (id. at p. 1), including without limitations "confidential, proprietary information and trade secrets that third parties entrusted to FTI and its employees in confidence" (id. at p. 2);

   b. Dobrusin agreed Confidential Information may only be used or disclosed for business purposes related to her employment. (id. at p. 1);

   c. Dobrusin agreed "that the rights and obligations set forth in this Section will continue indefinitely and will survive termination with FTI" (id. at p. 2);

   d. Dobrusin acknowledged that all Confidential Information was the "sole property of FTI." (id. at p. 2);

   e. Dobrusin agreed that "if [she] cease[d] to be employed by FTI for any reason, [she] shall return promptly any Confidential Information, all originals and all copies of all documents or other documents or materials, tools, equipment, computers, cell phones, or other property belonging to FTI or its customers or suppliers." (id. at p. 2); and

   f. Dobrusin agreed that the only exceptions to the foregoing requirement were: "Notwithstanding any other provision herein, employee may retain (i) a copy of any report authored by the employee that has been circulated publicly, and (ii) a copy of any filed affidavit or declaration signed by the employee, as well as a copy of the transcription of any testimony provided by the employee in any sworn proceeding." (id. at p. 2-3).

**ANSWER**: Dobrusin admits that she signed the letter entitled, "Confirmation of Employment," attached as Exhibit 2, and the letter entitled, "Terms of Employment," attached as Exhibit 3.

   9. FTI's "Confidentiality" Policy (attached as Ex. 4) provides in pertinent part that:

   a. "[a]ny information concerning the business of FTI, its customers, suppliers, sub-contractors, dealers, employees or personnel associated with FTI is confidential and restricted." (id.); and

   b. "[Employees] may not reveal any such information except under the direction of [their] Supervisor or with his approval." (id.).

**ANSWER**: Dobrusin admits that the FTI's "Confidentiality" Policy attached as Exhibit 4 contains the language set forth in subparts (a) and (b) of ¶ 9.

5

10. Further, FTI's "Personal Use And Security of FTI Property" Policy (attached as Ex. 5) provides that:

    a. "Employees are responsible for the safety, security, and confidentiality of FTI/Client equipment and materials in their possession." (id.);

    b. [Employees] "may not remove FTI property from the premises for personal use without their supervisor's approval." (id.); and

    c. "[A]ll client data and copies of client data shall be handled and treated confidentially during a project and must be returned to FTI at the close of a project. Any client data on laptops must be appropriately archived and removed from the laptop following the close of the project." (id.).

**ANSWER**: Dobrusin admits that the FTI's "Personal Use And Security of FTI Property" Policy attached as Exhibit 5 contains the language set forth in subparts (a), (b), and (c) of ¶ 10.

<u>Dobrusin Improperly Takes Compass Lexecon's Confidential Information</u>

11. On March 3, 2011, Dobrusin was advised that her employment was to terminate effective April 1, 2011, due to, among other things, her poor performance.

**ANSWER**: Dobrusin admits that on March 3, 2011, she was advised that her employment was to terminate effective April 1, 2011. However, Dobrusin denies that, on March 3, 2011, she was advised that her termination was due to poor performance.

12. Soon after she was informed by Compass Lexecon of her impending termination, Dobrusin printed and took at least 852 pages of e-mails from her Compass Lexecon email account and 53 billable time records from Compass Lexecon's time-keeping system.

**ANSWER**: Dobrusin admits the allegations of ¶ 12.

13. The proprietary and confidential Compass Lexecon documents Dobrusin took consist of Compass Lexecon working file emails and billable time records which identify

Compass Lexecon clients and their clients. These documents are particularly sensitive because among other things:

    a. Many of the working file emails are on active litigation matters;

    b. One of the active litigation matters is subject to a protective order with which Dobrusin agreed (in writing) to comply;

    c. Other e-mails relate to retentions which are not public; and

    d. Some of the billable time records also identify Compass Lexecon clients or their clients retentions which are not public.

**ANSWER**: To the extent that ¶ 13 contains legal conclusions, Dobrusin offers no response. To the extent that such legal conclusions can be construed as allegations of fact, Dobrusin admits that she took documents to which she retained authorized access from her own, company email and from her own billable time records that consisted of Compass Lexecon working file emails and billable time records that identify Compass Lexecon clients and their clients. To the extent that ¶ 13 fails to identify the specific emails and billable time records referenced in subparts (a) through (d), Dobrusin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 13.

14. Dobrusin printed and took these documents not for any purpose related to her work for Compass Lexecon, but because she anticipated filing her claims in the instant action and believed that they support her contention that criticisms of her performance were unwarranted.

**ANSWER**: Dobrusin admits the allegations of ¶ 14 and affirmatively states that she also believed the documents supported her claims of discrimination.

15. Dobrusin was aware when she printed and took these documents that her actions were directly contrary to Compass Lexecon's interests, and were likely to cause Compass Lexecon irreparable harm.

**ANSWER**: Dobrusin denies the allegations of ¶ 15.

16. Dobrusin's last day in the office was March 10, 2011.

**ANSWER**: Dobrusin admits the allegations of ¶ 16.

<u>Dobrusin Intentionally Misleads Compass Lexecon About Her Actions</u>

17. On March 10, 2011, Dobrusin signed an "Equipment and Property Collection" Form (attached as Ex. 6), acknowledging:

   a. "FTI Intellectual Property, Assets and Proprietary Information/Confidentiality. During the term of [her] employment, or at any time thereafter, the employee will not use for [her] own benefit or purpose, or disclose to or use for the benefit of any person, firm, corporation or other entity for any reason or purpose whatsoever, any trade secret or confidential information belonging to or in possession of the corporation, unless authorized by the corporation in connection with the performance of the employee's duties and responsibilities hereunder." (<u>id</u>.); and

   b. The "above equipment and property belonging to FTI has been returned to FTI on the above date." (<u>id</u>.).

**ANSWER**: Dobrusin admits that she signed the Equipment and Property Collection" Form attached as Exhibit 6.

18. Dobrusin also specifically noted on Ex. 6 that a phone was in her possession which she would return. Also, noted on Ex. 6 were items she was approved to keep. Several subsequent e-mails between Dobrusin and Compass Lexecon HR Director Liz Sodaro supplemented the form as to what Dobrusin would be permitted to keep and what needed to be returned. (Exs. 7, 8 and 9).

**ANSWER**: Dobrusin admits the allegations of ¶ 18.

8

19. Dobrusin at no time noted that she had taken any e-mails on client matters or billable time records.

**ANSWER**: Dobrusin admits the allegations of ¶ 19.

<u>Compass Lexecon Discovers Dobrusin's Misappropriation</u>

20. On October 18, 2011, Dobrusin filed the instant lawsuit against Compass Lexecon, alleging violations of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA") and the Family and Medical Leave Act ("FMLA"). Compass Lexecon answered the complaint on January 6, 2012, and served discovery requests on Dobrusin on February 2, 2012.

**ANSWER**: Dobrusin admits the allegations of ¶ 20.

21. On March 16, 2012, Compass Lexecon received Dobrusin's production of documents, and discovered upon review that Dobrusin had taken proprietary and confidential documents and work product of Compass Lexecon, its clients and their clients, consisting of 852 pages of Compass Lexecon working file emails on client matters and 53 pages of billable time records which identified Compass Lexecon clients and their clients.

**ANSWER**: To the extent that ¶ 21 contains legal conclusions, Dobrusin offers no response. To the extent that such legal conclusions can be construed as allegations of fact, Dobrusin admits that on March 16, 2012, Compass Lexecon received Dobrusin's production of documents. Dobrusin further admits that her production of documents to Compass Lexecon consisted of 852 pages of Compass Lexecon working file emails on client matters and 53 pages of billable time records which identified Compass Lexecon clients and their clients.

22. Despite numerous requests from Compass Lexecon's counsel, Dobrusin refused to unconditionally return the confidential information and conditioned return on reaching an agreement with Compass Lexecon that would allow her to use the information in her lawsuit.

**ANSWER**: Dobrusin admits the allegations of ¶ 22.

23. Due to the nature of its business, Compass Lexecon must ensure that confidential information relating to its client retentions is kept confidential and used only for purposes related to the matters on which the client retained Compass Lexecon.

**ANSWER**: Dobrusin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 23, and therefore, denies the same.

24. Compass Lexecon has suffered and will continue to suffer harm as a result of Dobrusin's conduct.

**ANSWER**: Dobrusin denies the allegations of ¶ 24.

## Count I: Breach of Contract in Bad Faith and Violations of the Implied Covenants of Good Faith and Fair Dealing

25. Compass Lexecon incorporates and realleges the allegations of paragraphs 1-24 above.

**ANSWER**: Dobrusin repeats and re-alleges her answers to the allegations contained in ¶¶ 1 through 24 as though fully set forth herein.

26. Dobrusin had a contractual obligation to protect confidential information she received as a part of her work for Compass Lexecon.

**ANSWER**: Dobrusin admits the allegations of ¶ 26.

27. Dobrusin knowingly, willingly, and in bad faith violated this obligation by:

   a. Taking confidential and proprietary Compass Lexecon information from Compass Lexecon's offices for her personal use;

10

      b. Disseminating that information to her counsel and perhaps others;

      c. Refusing to return that information to Compass Lexecon on demand; and

      d. Attempting to use that information to advance her own interests in this litigation.

**ANSWER**: Dobrusin denies the allegations of ¶ 27.

28. Dobrusin acted willfully and in bad faith and in violation of the implied covenants of good faith and fair dealing.

**ANSWER**: Dobrusin denies the allegations of ¶ 28.

29. Compass Lexecon has suffered, and continues to suffer harm as a result of Dobrusin's breaches.

**ANSWER**: Dobrusin denies the allegations of ¶ 29.

### Count II: Breach of Fiduciary Duty

30. Compass Lexecon incorporates and realleges the allegations of paragraphs 1-29 above.

**ANSWER**: Dobrusin repeats and re-alleges her answers to the allegations contained in ¶¶ 1 through 29 as though fully set forth herein.

31. As its employee, Dobrusin owed Compass Lexecon a duty of loyalty and fidelity.

**ANSWER**: Dobrusin admits the allegations of ¶ 31.

32. Dobrusin breached this duty when she acted in furtherance of her own interests and to the detriment of Compass Lexecon when, while still employed by Compass Lexecon, she took confidential information and misled Compass Lexecon about her conduct, and then sought to use the information for her personal benefit.

**ANSWER**: Dobrusin denies the allegations of ¶ 32.

33. Dobrusin acted willfully and in bad faith in violation of her fiduciary obligations.

**ANSWER**: Dobrusin denies the allegations of ¶ 33.

34. Compass Lexecon has suffered and continues to suffer harm as a result of Dobrusin's breaches.

**ANSWER**: Dobrusin denies the allegations of ¶ 34.

**WHEREFORE,** Dobrusin respectfully requests that this Honorable Court deny each and every prayer or request for relief made by Compass Lexecon and dismiss Counts I and II, with prejudice, enter judgment in favor of Plaintiff and Counter-defendant Deborah Dobrusin together with an award of her costs, fees, and expenses incurred in this litigation and such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Compass Lexecon's counterclaims are barred, in whole or in part, to the extent that they constitute retaliation for Dobrusin's engagement in protected activity pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., the Americans with Disabilities Act of 1990, 42 U.S.C. 12101 et. seq., as amended, and the Family and Medical Leave Act of 1993, 29 U.S.C. 2601 et seq., as amended.

2. The documents taken by Dobrusin and forming the bases of Compass Lexecon's claims do not constitute "confidential" or "proprietary" information, or attorney-client work-product and therefore, Dobrusin did not commit any breaches of contract, violations of implied covenants of food faith and fair dealing, or breaches of fiduciary duty or duty of loyalty.

3. Compass Lexecon is barred from asserting its claims against Dobrusin because Dobrusin lacked the requisite intent to commit a knowing, willful, or bad faith violation.

4. Any recovery from the counterclaims asserted by Compass Lexecon is barred, in whole or in part, because Compass Lexecon did not suffer any harm as a result of Dobrusin's alleged conduct.

5. Any recovery from the counterclaims asserted by Compass Lexecon is barred, in whole or in part, to the extent that Compass Lexecon failed to mitigate its damages in that Compass Lexecon refused and/or delayed any and all attempts initiated by Dobrusin's counsel to eliminate and/or limit the dissemination of any identifying information demarcating Compass Lexecon clients, their clients, and/or any non-public retentions of clients by Compass Lexecon contained in Dobrusin's document production.

6. Compass Lexecon's claims for punitive damages are barred as imposition of the same would violate Dobrusin's rights of substantive and procedural due process as provided by the Constitution of the State of Illinois and the United States Constitution.

Dobrusin reserves the right to amend and/or supplement her Answer and Affirmative Defenses as the parties engage in further discovery.

                                                              Respectfully submitted,

                                                              DEBORAH L. DOBRUSIN

                                                              By: /s/ Kristin M. Case
                                                              One of Her Attorneys

Kristin M. Case
Kate Sedey
Kendra L. Kutko
The Case Law Firm, LLC
250 S. Wacker Drive, Suite 230
Chicago, Illinois 60606
Tel. (312) 920-0400
Facsimile (312) 920-0800

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on May 17, 2012 she caused the foregoing, **Plaintiff's Answer to Defendant's Counterclaim,** to be served by email and U.S. mail upon Defendant's counsel of record:

>Carla J. Rozycki
>Amanda S. Amert
>Colleen G. DeRosa
>Jenner & Block LLP
>353 N. Clark Street
>Chicago, IL 60654-3456

>/s/ Kristin M. Case
>One of Plaintiff's Attorneys

Kristin M. Case
Kate Sedey
Kendra L. Kutko
The Case Law Firm, LLC
250 S. Wacker Drive, Suite 230
Chicago, Illinois 60606
Tel. (312) 920-0400
Facsimile (312) 920-0800